Perry v. Denson.

---

## PERRY *et al. v.* DENSON. ([1])

A judgment against a surety for costs, should not exceed the penalty of the bond or recognizance.

ERROR, *to Cedar District Court.*

*John P. Cook,* for the plaintiff in error.

*S. Whicher,* for the defendant.

([1]) Judge Hastings, having been of counsel, took no part in the decision of this case.

*Opinion by* KINNEY, J. This was a case appealed by Perry from the judgment of a justice of the peace to the Cedar county district court. An appeal bond was filed before the justice for the sum of seventy-five dollars, conditioned according to the statute, with William Thorn as security.

In the district court a rule was taken upon the plaintiff in the appeal, to give additional security. The rule was not complied with, and the cause was dismissed and a judgment rendered against Perry the appellant and Thorn his security, for the sum of $3.39 debt, and $17.48 costs, on the judgment of the court below, and $155.66 the costs in the district court.

A bill of exceptions was taken to the decision of the court, and the only error assigned worthy of notice is, " That the court erred in rendering judgment against William Thorn for a greater amount than his bond for the appeal.

This error appears to us to be well taken, although the statute provides that in all cases of appeal from. a justice's court, if the judgment of the justice be affirmed, or if on a trial anew in the district court the judgment be against the appellant, such judgment shall be rendered against him and his securities, in the recognizance for the appeal."(¹) Yet we do not think this statute will authorize the rendition of a judgment beyond the liability fixed by the party who becomes security for the appeal.

The statute clearly contemplates that the justice, in fixing the amount of the recognizance, in the appeal bond, shall make it sufficient to cover the amount of the judgment rendered in the district court, and all costs. Upon application of the defendant in the appeal, if the court are not satisfied that this bond is sufficient, either in amount or otherwise, they may require the appellant to give new and additional security. *Rev. Stat.* p. 335, § 11.

This statute was evidently intended to preserve those cases in which the justice had taken a defective recognizance.

---

(¹) See *Rev. Stat.* p. 336, § 8.

The error of the justice, therefore, in taking insufficient security, cannot prejudice the interest of the defendant in the appeal, if the district court has the power to require the plaintiff to give further and additional security ; and hence the great impropriety of the court in rendering a judgment against the security, for a larger amount than the sum placed in the bond, fixing the liability of the party becoming security.

The defendant, Thorn, in this case, became security for the sum of $75, and although the condition of the bond was that Perry should pay all the costs in the district court, in case the appeal was dismissed or the judgment affirmed, yet the amount having been fixed by the justice, who is presumed to have placed it sufficiently high to cover the judgment and costs, and Thorn having signed the bond with a reference to confining his liability to that amount; and the court, as we think, having the power upon proper application to require of the plaintiff additional security or a new recognizance, and consequently no necessity for the courts rendering a judgment for more than the amount of the recognizance ; we think it was error in the court below, to have rendered a judgment against Thorn, the security, for more than seventy-five dollars, the amount mentioned in the appeal bond.

The judgment of the court below is reversed, unless the defendant in error enters a *remittitur* for all over seventy-five dollars, against Thorn, the security.

Judgment reversed.